FILED

2013 Dec-23  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## OF THE NORTHERN DISTRICT OF ALABAMA
## HUNTSVILLE DIVISION

| | | |
|---|---|---|
| **ACADIA INSURANCE CO., AS SUBROGEE OF YEDLA MANAGEMENT CO., INC. & HOSPITALITY ENTERPRISES OF HUNTSVILLE, INC. D/B/A COUNTRY INN & SUITES** *Plaintiff,* <br><br> **v.** <br><br> **UNITED STATES OF AMERICA** *Defendant.* | § § § § § § § § § § § | **Cause No.: 5:13-cv-00895-CLS** |

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff Acadia Insurance Co., as subrogee of Yedla Management Co., Inc., files its First Amended Complaint against Defendant, the United States of America, and in support thereof would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Acadia Insurance Co., as Subrogee of Yedla Management Co., Inc. and Hospitality Enterprises of Huntsville, Inc. d/b/a Country Inn & Suites, is an insurance company authorized to write policies and conduct business in the State of Alabama; Yedla Management Co., Inc. is an Alabama corporation.

2. The United States of America may be served by delivering a copy of summons and of the complaint to the United States Attorney for the Northern District of Alabama, Joyce White Vance, at United States Attorney's Office for the Northern District of Alabama, **Huntsville Office,** 400 Meridian Street, Suite 304, Huntsville, Alabama, 35801; and by delivering a copy of

the summons and of the complaint to the Attorney General of the United States, Eric J. Holder, Jr., at Office of the Attorney General of the United States, Department of Justice, Room B103, 950 Pennsylvania Avenue, NW, Washington, D.C., 20530-0001; and to the Federal Bureau of Investigations (FBI) at the following address: Federal Bureau of Investigation Headquarters, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

## II. JURISDICTION & VENUE

4.   The court has jurisdiction over this lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for property damage caused the negligent acts and/or omissions of a government employee, Michael Siegling, while acting within the scope of his or her employment with the Federal Bureau of Investigation (FBI).  The FBI is an agency of the United States of America.  During the time of the incident described in Section IV below, Mr. Siegling was in the course and scope of his employment with the FBI conducting a six-week training program for disarming explosive devices.

5. Venue is proper in this Court pursuant to 28 § 1402(b) and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in Huntsville, Alabama, which is in the Huntsville Division of the Northern District of Alabama.

## III. CONDITIONS PRECEDENT

6.  All conditions precedent to the filing of Plaintiff's Original Complaint have occurred pursuant to 28 U.S.C. § 2401(a) & (b).

7.  On August 1, 2012, Plaintiff timely presented this claim in writing to the Federal Bureau of Investigation (FBI) by sending a Standard Form 95 Claim for Damage, Injury, or Death Pursuant to 28 U.S.C. § 2675 and 28 C.F.R. §§ 14.2 – 14.3, and correspondence with additional

documentation, in satisfaction of the jurisdictional prerequisites of 28 U.S.C. § 2401(a) & (b) (stating that plaintiff must present claim to appropriate federal agency within two (2) years of the incident made the basis of the complaint).  *See* Exhibit A, Standard 95 Claim Form & August 1, 2011 correspondence with exhibits omitted, attached.  To date, no response has been received. As such, the demand has been denied pursuant to 28 U.S.C.  § 2675(a) (holding that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.").  As such, Plaintiff now properly brings forth his claims in federal court pursuant to 28 U.S.C. § 2401(a) & (b) (within six months of the appropriate federal agency failing to make a final disposition of claim).

## IV. BACKGROUND FACTS

8.   While in the course and scope of his employment with the Federal Bureau of Investigation (FBI), Michael Siegling negligently discarded a cigarette in his hotel room causing a fire that resulted in massive property damage to the Country Inn and Suites located at 4880 University Drive, Huntsville, Alabama, 35816 on September 23, 2010.

9.  Yedla Management Co., Inc. is an Alabama corporation that invests in hotel chains.  Dr. K.R. Yedla, the founder and namesake of Yedla Management, emigrated from India to the United States in the 1950s and pursued his dreams to establish a successful hotel investment corporation.  Yedla Management and Hospitality Enterprises, Inc. d/b/a Country Inn & Suites own and manage several hotels throughout the country, including the subject hotel, the Country Inn and Suites located at 4880 University Drive, Huntsville, Alabama, 35816.  Many of the Country Inn and Suites' guests are federal employees because of the motel's location and proximity to Redstone Arsenal, a United States Army base.

10. In September of 2010, Michael Siegling was an agent with the FBI.  The FBI is an agency of the United States of America. At the time of the subject incident, Mr. Siegling was in the course and scope of his employment with the FBI conducting a six-week training program for disarming explosive devices.

11.   At the time of the incident, Michael Siegling was a resident of Room 2207 at the subject Country Inn & Suites.  Upon information and belief, the FBI paid for and reserved Room 2207. The subject Country Inn & Suites is an upscale motel and actually consists of three (3) separate buildings and 170 individual rooms.

12.   On the date of the incident, September 23, 2010 at approximately 10:30 p.m., a fire started on the balcony of Room 2207 (Mr. Siegling's room).  *See* Exhibit B, Huntsville Fire Marshal Report, attached. The origin of the fire, Room 2207, was located in Building 2.  *See* Exhibit B, attached.  As a result of the fire, Building 2 sustained substantial structural damage as well as smoke and water damage throughout the building. The fire burned upward through two floors and gained access to the attic, severely damaging the truss roof.  *See* Exhibits B, attached. Approximately 40 to 50 feet of the roof structure was severely charred and required replacement. Additionally, Building 3 sustained damage to the vinyl siding as a result of the fire.  Furniture and business personal property located within the motel rooms were extensively damaged due to the fire.  Mattresses present within the rooms were lost due to odor, and upholstered furniture sustained severe damage due to smoke and water.

13.   Mr. Siegling admitted to smoking in Room 2207.  *See* Exhibit B, attached.  Siegling carelessly discarded a cigarette in his room while in the course and scope of his employment with the FBI; this careless and reckless act caused a severe fire that destroyed almost the entirety of Building 2 and business personal property in the adjacent hotel buildings. The Huntsville Fire

Marshal's investigation of Room 2207 revealed a pack of Marlboro cigarettes and a lighter present within the room. *See* Exhibit B, attached. Importantly, the Huntsville Fire Marshal, after thoroughly examining the burn patterns and other relevant facts, concluded that the fire was caused due to the careless discarding of a cigarette. *See* Exhibit B, attached. Upon information and belief, Michael Siegling was the only occupant of Room 2207 at the time of the fire.

14. At all times relevant to the present lawsuit, Plaintiff Acadia Insurance Company Insured Yedla Management Company, Inc. and Hospitality Enterprises of Huntsville, Inc. d/b/a Country Inn & Suites against damages to the subject Country Inn & Suites for both real and personal property as well as loss of profits. Therefore, under its insurance contract with Yedla Management Company, Inc. and Hospitality Enterprises of Huntsville, Inc. d/b/a Country Inn & Suites and Alabama law, Plaintiff Acadia Insurance Company is entitled to recover the One Million One Hundred Nineteen Thousand Eight Hundred Seventy-Two Dollars & Ninety-Three Cents ($1,119,536.93) in damages it has paid as a result of the loss caused by the negligence of Defendant.

## V. CAUSES OF ACTION

### *Liability Pursuant to Federal Tort Claims Act – FBI*

15. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

16. All conditions precedent to the jurisdictional prerequisites necessary to assert the liability of Defendant under the facts of this matter have occurred or have been performed by Plaintiff.

<u>Count One: Negligence</u>

17. On the date of the incident and at all times relevant to this matter, Michael Siegling was an agent of the FBI and was in the course and scope of his employment as an agent of the FBI.  *See* 28 U.S.C. § 2671; *see also Singleton v. Burchfield*, 362 F. Supp.2d 1291 (M.D. Ala. 2005) (holding that an Air Force employee who received a temporary duty assignment to attend a five-week "leadership school" in Alabama who was authorized use of a Department of Defense vehicle to travel from the training school to various places in town, and where the employee took the vehicle to a restaurant for dinner and the employee was involved in an accident with a civilian, that the employee **was acting within the scope of his employment**, and reasoned that the employee was engaged in actions during his training period that conferred a benefit on his employer, and that his conduct was not "impelled by motives that are wholly personal.").

18. The United States of America is liable to Plaintiff Acadia Insurance Co., as subrogee of Yedla Management Co., Inc., on the legal doctrine of *respondeat superior* for the breach of the duty of care by the employees, independent contractors, or agents of Defendant FBI because the acts of such persons were performed while in the employment of Defendant, to further Defendant's business, and to accomplish the objective for which the employee, independent contractor, or agent was hired.

19.  As described herein, Defendant FBI, itself and through the actions of its employee, Michael Siegling, was negligent on the occasion in question including but not limited to:

    a.  Failing to properly discard a lit cigarette;
    b.  Failing to insure that cigarette was properly extinguished, creating a dangerous condition;
    c.  Failing to train, instruct and/or otherwise require its employees to safely discard or extinguish a cigarette properly; and
    d.  Otherwise failing to use due care under the circumstances.

20.  This negligence, based on the actions of the FBI and Michael Siegling, was the proximate cause of Plaintiff's injuries.

21.  Pleading further, and in the alternative, the FBI and Michael Siegling were in control of the instruments which caused Plaintiff's injuries, Plaintiff's harm ordinarily would not occur unless someone was negligence, and the evidence eliminates other causes of Plaintiff's harm, including the conduct of Plaintiff or third persons. Plaintiff, therefore, may prove its claims by invocation of the doctrine of *res ipsa loquitur*.

## VI. DAMAGES

22.  In total, Plaintiff has incurred One Million One Hundred Nineteen Thousand Eight Hundred Seventy-Two Dollars & Ninety-Three Cents ($1,119,536.93) in order to repair the extensive fire, water, and smoke damage to the subject property, along with business interruption loss due to Defendant FBI and Mr. Siegling's negligence.   *See* Exhibit A, Standard Form 95 Claim for Damage, Injury, or Death.  Repairs to the subject motel took approximately one (1) year.

## VII.  JURY DEMAND

23.  Plaintiff hereby demands a jury trial on all ultimate fact issues in accordance with Federal law and tenders the appropriate fee with this petition.

## VIII.  RESERVATIONS

24.     Plaintiff reserves the right to bring additional causes of action against Defendant and to amend this Complaint as necessary.

## IX.  CONCLUSION & PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Acadia Insurance Co., as subrogee of Yedla Management Co., Inc. and Hospitality Enterprises of Huntsville, Inc. d/b/a Country Inn & Suites, respectfully requests that Plaintiff recover all relief requested herein and for such other and further relief, both at law and in equity, to which the Plaintiff may be justly and legally entitled.

Respectfully submitted,

**MCCATHERN, P.L.L.C**

By: __/s/ *Carl L. Evans*_____
            Carl L. Evans
            Alabama State Bar No. 6823-A35C
            Texas State Bar No. 24056989
            cevans@mccathernlaw.com

            Regency Plaza
            3710 Rawlins Street, Suite 1600
            Dallas, TX 75219
            (214) 741-2662 Telephone
            (214) 741-4717 Facsimile

            **ATTORNEYS FOR ACADIA
            INSURANCE CO., AS SUBROGEE OF
            YEDLA MANAGEMENT CO., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2013, a true and correct copy of the foregoing was served upon the following counsel electronically via the court's ECF system:

Jack Hood
Assistant United States Attorney

Attorney for Defendant United States
US Attorney's Office
State Bar No. D41J
1801 Fourth Avenue North
Birmingham, AL 35203
205-244-2103
205-244-2181 – Fax
Jack.hoood@usdoj.gov

**ATTORNEYS FOR DEFENDANT UNITED STATES OF AMERICA**

*/s/ Carl L. Evans*
Carl L. Evans