FILED
2014 Mar-21  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHEASTERN DIVISION</u>

ACADIA INSURANCE CO.,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

CIVIL ACTION NO.
5:13-CV-00895-CLS

## <u>DEFENDANT'S EVIDENTIARY MATERIALS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 37, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56</u>

The Defendant United States of America, in the above-styled cause, by and through Joyce White Vance, United States Attorney for the Northern District of Alabama, and Jack Hood, Assistant U.S. Attorney, and pursuant to Rules 37 and 56 of the Federal Rules of Civil Procedure respectfully submits Defendant's Evidentiary Materials in Support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, as follows:

## I.

## <u>EXHIBITS</u>

1

1. Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc. 21), Declaration of David Icove with attachments;

2. Government Exhibit B, Declaration of Lori Lee Holland, FBI Supervisory Paralegal Specialist;

3. Government Exhibit C, Defendant's Combined Discovery to Plaintiff, and entire record of proceedings to date.

## II.

## FACTS

Defendant contends that there are no genuine issues of material fact in dispute within the meaning of Rule 56 of the Federal Rules of Civil Procedure as to the following:

1. A fire occurred on September 22, 2010 at the Country Inn and Suites, Building 2, located at 4880 University Drive, in Huntsville, Alabama. (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc.21), Declaration of David Icove with attachments, pp. 16-17, 20; YEDLA002966).

2. On September 23, 2010, Plaintiff directed its claim service to investigate the fire and "[t]horoughly address subrogation and salvage." (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc.21), Declaration of David Icove with attachments, pp. 20; YEDLA002912)

3. During the fire origin and cause investigation, Plaintiff's experts examined and abandoned all of the fire debris evidence, electrical wiring, fixtures, and furnishings at the fire scene. (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc.21), Declaration of David Icove with attachments, pp.21; EFI. p. 5; YEDLA002946)

4. On September 27, 2010, Plaintiff received a report from its claim service that stated: "SUBROGATION: There appears to be the possibility of subrogation." (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc.21), Declaration of David Icove with attachments, pp. 21; YEDLA000470)

5. On September 27, 2010, Plaintiff's expert, Investigator Rod Williams, EFI Global, Inc., reported that there was evidence that discarded cigarettes ignited the fire. (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc.21), Declaration of David Icove with attachments, pp. 21; YEDLA002947)

6. On October 5, 2010, Investigator Daniel Wilkerson, Huntsville Fire Department, concluded that the point and origin of the fire was on the second floor balcony of Room 2207 in Building 2. (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc. 21), Declaration of David Icove with attachments, pp. 21; YEDLA002966)

7. On October 12, 2010, Plaintiff's expert, Rod Williams, EFI Global, Inc., reported: "[t]here were no items collected during the investigation of this fire" and "There were no safety code violations noted." (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc. 21), Declaration of David Icove with attachments, pp. 21; EFI. p. 5; YEDLA002946)

8. On October 21, 2010, Plaintiff's claim service mentioned in a report that wiring on the damaged third floor was not compliant with the electrical code. (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc. 21), Declaration of David Icove with attachments, pp. 21; YEDLA002525)

9. On June 3, 2011, the City of Huntsville inspected the Country Inn and Suites, Buildings 1 and 3, located at 4880 University Drive, and declared it unsafe and ordered to be vacated immediately due to numerous building, electrical, and fire code violations. The serious electrical violations cited included open electrical splices in walls and corridors and improperly installed lighting fixtures. (Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc. 21), Declaration of David Icove with attachments, pp. 21; YEDLA000344-000345; FBI-000119; FBI-000127)

10. The Defendant's first notice that it was the target of litigation involving the fire was by way of an Administrative Claim filed by the Plaintiff, on or about August 1, 2012, with the Federal Bureau of Investigation.

(Government Exhibit A, Defendant's Rule 26(a)(2) Disclosure (Doc.21),

Declaration of David Icove with attachments, pp. 31; 46-48; Exhibit 4,

YEDLA 000919-000920; Government Exhibit B, Declaration of Lori Lee

Holland, FBI Supervisory Paralegal Specialist)

11. Plaintiff's expert opines that the fire originated in the northwest corner of the

balcony of Room 2207 due to improperly discarded cigarettes by the

occupant, Michael Siegling, an agent of the FBI. (Government Exhibit A,

Defendant's Rule 26(a)(2) Disclosure (Doc. 21), Declaration of David Icove

with attachments, Plaintiff's Rule 26(a)(2) Disclosure, Exhibit 9, Opinions

of Rod WilliamsYEDLA003164- YEDLA003169).

12. Defendant's expert witness opines that there is a reasonably significant

possibility that the fire was caused by faulty or defective electrical wiring,

fixtures, and furnishings at the fire scene that were examined and discarded

by Plaintiff's experts. These experts examined and discarded all of this

evidence, which included a lighting fixture and electrical outlet on the

second floor balcony of Room 2207, without recognizing and taking into

consideration the existing numerous and potential fire-causing code

violations later found by the City of Huntsville inspectors during their

follow-up examinations of the fire scene. (Government Exhibit A,

# GOVERNMENT EXHIBIT A

# DECLARATION OF DAVID ICOVE

## (See Defendant's Amended Initial Disclosures and Rule 26 Expert Report (Doc. 21)

# GOVERNMENT EXHIBIT B

# DECLARATION OF Lori Lee Holland, FBI Supervisory Paralegal Specialist

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHEASTERN DIVISION</u>

| | | |
|---|---|---|
| ACADIA INSURANCE CO. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:13-CV-00895-CLS |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF LORI LEE HOLLAND

1.      I am employed by the Federal Bureau of Investigation ("FBI"), and I am a Supervisory Paralegal Specialist, currently assigned as the Unit Chief of the Discovery Processing Unit II (DPU), Discovery Management Section, Litigation Branch, Office of the General Counsel (OGC), located in Washington, D.C.  I have served in this capacity from approximately May 20, 2012, to the present.  I have been employed with the FBI since October 15, 1985.


2.      DPU II is one of two units who provide litigation support to the other units within OGC, as well as numerous other FBI entities.  The DPUs are responsible for locating, reviewing, and processing for release any and all responsive materials which pertain to litigation and administrative matters in which the Bureau is either directly or indirectly involved.  As a Unit

1

Chief in DPU II, I am responsible for overseeing the Paralegal Specialists who locate, review, process, and produce documents related to a variety of document production requests. I have access to the records contained in the FBI's Central Records System. I am also personally familiar with the FBI records maintenance and retrieval system.

3.      The records in the FBI's Central Records System include records of administrative claims submitted to the FBI under the Federal Tort Claims Act. All administrative claims submitted to the FBI are indexed into the FBI's Central Records System. Once indexed, a record of an administrative claim is retrievable through a search of the general indices to the FBI's Central Records System. In short, the Central Records System is the FBI's official system of records for all investigative, administrative, and official business of the FBI.

4.      The Central Records System enables the FBI to maintain information that it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained here consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. Searching the FBI's Central Records System is the means by which the FBI can determine what retrievable information, if any, the FBI may have in its files on a particular subject matter or individual.

5.      As a Unit Chief, I oversee the Paralegal Specialists who made a diligent search of the general indices to the FBI's Central Records System as of March 14, 2014, for any records retrievable to "Acadia Insurance." The search included the date range of September 22, 2010 (the date of the alleged incident in the above-captioned complaint) through August 1, 2012 (the

date of the SF-95 that the FBI did receive).   This search resulted in one record of an administrative claim submitted to the FBI by or on behalf of Acadia Insurance, the plaintiff in the above-captioned lawsuit.  This record is the SF-95 claim form submitted on or about August 1, 2012.  DPU II did not locate any other record within the FBI's Central Records System regarding this plaintiff and the subject matter of the above-captioned lawsuit that predates the August 1, 2012 notification.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of March, 2014.

Lori Lee Holland
Unit Chief, Discovery Processing Unit II
Office of the General Counsel
Federal Bureau of Investigation
Washington, D.C.

3

# Government Exhibit C

# Defendant's Combined Discovery to Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHEASTERN DIVISION</u>

ACADIA INSURANCE CO.,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION NO.
5:13-CV-00895-CLS

## <u>DEFENDANT'S COMBINED DISCOVERY TO PLAINTIFF</u>

Defendant United States of America, by and through counsel of record, propounds the following discovery to the Plaintiff, above-named, pursuant to Rule 34 for production, Rule 36 for admissions, and Rule 33 for interrogatories:

### REQUEST FOR PRODUCTION

Written responses to each of the following requests for production are due within 30 days as required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District, and the Court's Scheduling Order.  The actual production is to be made at the Office of the U. S. Attorney, 2nd Floor, Civil Division Conference Room, 1801 4th Avenue, North, Birmingham, Alabama 35203, at 10:00 a.m., on Thursday, January 16, 2014, or at such other time or place mutually agreed upon by the parties:

1

1.　　All documents, photographs, records (including computerized ones) or exhibits that relate to plaintiff's claims in this case.

2.　　All expenses, costs, or other bills that plaintiff contends were incurred as a result of the alleged claims in this case.

3.　　All fire investigations that relate to plaintiff's claims in this case.

4.　　All insurance policies, claims, correspondence, emails, adjuster reports and the like that relate to plaintiff's claims in this case.

5.　　All federal income tax losses and supporting documents made as a result of plaintiff's claims in this case.

6.　　All documents or evidence in response to the defendant's Interrogatory Number 12, below.

7.　　Any documents, materials, or evidence plaintiff or its attorneys may have obtained from agents, employees, or representatives of the defendant prior to filing this law suit, which relate to the events made the basis of this law suit.

8.　　Copies of any expert opinions, reports, and materials required by Rule 26(a)(1) & (2), and (b)(4), (this includes fact or actor experts, and experts specially retained for trial) and all materials and evidence reviewed, considered or generated by any experts.

9.　　Any documents, materials, or evidence that may be considered admissions and/or impeaching evidence.

2

10.   Any documents, materials, or evidence which could support the federal defendant's denial of liability.

11.   Any documents, materials, or evidence which gave notice to the Federal Bureau of Investigation (FBI) or any agency of the United States that the initial fire investigation in plaintiff's claim was focusing the origin and cause on FBI Special Agent Michael Seigling.

12.   Any documents, materials, or evidence which demonstrate that any fire investigations in plaintiff's claims complied with the professional standards of care set forth in the National Fire Protection Association (NFPA) *"Guide for Fire and Explosion Investigations"* (NFPA 921) and the *"Standard for Professional Qualifications for Fire Investigator"* (NFPA 1033).

## REQUESTS FOR ADMISSIONS

Responses to the following requests are to be served within 30 days, or the matters will be deemed admitted as they relate to plaintiff's claims in her lawsuit:

1.   No one notice gave to the FBI or any agency of the United States that the initial fire investigation in plaintiff's claim was focusing the origin and cause on FBI Special Agent Michael Seigling.

2.   The fire investigations in plaintiff's claims did not comply with the professional standards of care as set forth in NFPA 921 and NFPA 1033.

3.      Plaintiff has no evidence that FBI Special Agent Michael Seigling was acting within the line and scope of his federal employment at the time of the fire's origin and cause that relate to plaintiff's claims in this case.

4.      No professional expert to date has opined that the origin and cause of the fire that relate to plaintiff's claims in this case were attributable to FBI Special Agent Michael Seigling.

5.      Plaintiff has no evidence that the negligent or wrongful conduct of any federal employee was the cause of the fire that relate to plaintiff's claims in this case.

## INTERROGATORIES

Answers under oath to the following interrogatories are due within 30 days:

1.      As to each of the foregoing facts in the requests for admissions (1 through 5) that you did not admit unequivocally, identify and describe all information, including testimony and documents, that supports your position or contentions in your refusal to make full and complete admissions.

2.      State whether or not, to your knowledge or to the knowledge of any agent, employee or attorney of yours, any admissions in any form were made by any person on behalf of the Defendant regarding in any way the happening of the alleged events that are made the basis of plaintiff's complaint. If so, please identify who made each admission by name, address and telephone number, when and

where each admission took place, and the names of witnesses or documents supporting your contentions as to each admission, and the substance of each such admission.

3.    State the name, address, and telephone number of each person or organization that plaintiff contacted or sought information from about the origin and cause of the fire that relate to plaintiff's claims in this case.

4.    State whether or not, to your knowledge or to the knowledge of any agent, employee, or attorney of yours, any statement in any form was obtained, secured, or received from any person regarding the alleged events that are made the basis of plaintiff's complaint, and if so, identify the substance of the statement, the date on which it was given, and the name, address and telephone number from whom any such statements were secured or received.

5.    Please state whether plaintiff intends to or may call any experts or opinion witnesses (this includes fact or actor experts and experts specially retained for trial) to testify regarding the events that are made the basis of plaintiff's complaint and/or damages claimed as a result of these events and, if so, state the following:

a.    The name, business and residence addresses, telephone numbers, and educational background of such experts or opinion witnesses;

5

b.    A complete statement of all of the expert's opinions and the basis and reasons therefore; the data and information considered, consulted or generated by the expert; any exhibits to be used as support for or a summary of the opinions; the qualifications of the expert and all publications authored by the expert in the past 10 years; the expert's compensation for his review and testimony; and a list of all other cases in which the expert has testified at trial or at deposition in the past 4 years.

c.    The dates of all written reports rendered by such experts or opinion witnesses, and the names and addresses of the persons having custody of same.

d.    Published literature or textbooks relied upon or consulted by the expert.

e.    The identity of individuals and/or organizations relied upon when developing the expert's opinion and/or conducted administrative or technical peer review of the drafts or final expert report.

f.    With regard to any expert(s) identified herein, please indicate whether said expert(s) will testify live at trial or if the testimony is intended to be introduced by deposition.

6.    Give the names, addresses and phone numbers of all persons or witnesses (including fact or actor experts) with information concerning plaintiff's

lawsuit and describe plaintiff's specific contentions as to each's knowledge of the facts, including matters of impeachment to which each of the witnesses may testify.

7.    For each claimed act of wrongdoing alleged in plaintiff's Complaint against the defendant, specify the cause(s) of action for each, the exact times frames, the name(s), occupation(s), and employer(s) of each of the individual(s) alleged to have been negligent and/or engaged in wrongful conduct, and the factual evidence that supports plaintiff's contentions as to each such act of negligence and/or wrongdoing.

8.    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable in this action.

9.    Describe each item of damage claimed by plaintiff giving a brief description of the item of damage, the dollar amount claimed, and citation to the statute, rule regulation, or case law authorizing recovery for each item of damage.

10.    Describe all evidence and each document, record (including computerized ones), exhibits or the like in plaintiff's custody or control or of which plaintiff or, plaintiff's attorneys or agents have knowledge which plaintiff contends support plaintiff's claims, or which may contain impeaching materials.

11.    Describe all evidence and each document, record (including

computerized ones), exhibits or the like in plaintiff's custody or control or of which plaintiff or, plaintiff's attorneys or agents have knowledge which could support the federal defendant's denial of liability

12.   Describe each person or entity other than the defendant that plaintiff has sued, made claim against, or settled, with respect to any of the events or damages made the basis of plaintiff's claims herein, giving the names, addresses, nature of the claims, complete name and case or claim number of any claim or lawsuit, the judgment, settlement or award amounts, the names and addresses of any insurance companies, persons or entities involved, and a summary statement of each of the claims made by the plaintiff.

13.   Describe all evidence and each document, record (including computerized ones), exhibits or the like in plaintiff☐s custody or control or of which plaintiff or, plaintiff☐s attorneys or agents have knowledge which gave notice to the FBI or any agency of the United States that the initial fire investigation in plaintiff's claim was focusing the origin and cause on FBI Special Agent Michael Seigling.

14.   Describe all evidence and each document, record (including computerized ones), exhibits or the like in plaintiff's custody or control or of which plaintiff or, plaintiff's attorneys or agents have knowledge which demonstrate that any fire investigations in plaintiff's claims complied with the

professional standards of care as set forth in NFPA 921 and NFPA 1033.

15.    Describe all evidence and each document, record (including computerized ones), exhibits or the like in plaintiff's custody or control or of which plaintiff or, plaintiff's attorneys or agents have knowledge which demonstrates that FBI Special Agent Michael Seigling was acting in the line and scope of his federal employment at the time of the fire that relate to plaintiff's claims in this case.

These discovery requests are ongoing.  The defendant expects that any information or documentation requested above that becomes updated or comes into the knowledge of the plaintiff by any means, from the date of these discovery requests until this case is closed, will be supplied to the defendant immediately.

Respectfully submitted,

JOYCE WHITE VANCE
UNITED STATES ATTORNEY

**s/ Jack Hood**
Jack Hood
Assistant United States Attorney
U.S. Attorney□s Office
State Bar No. D41J
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2103
(205) 244-2181 (fax)
jack.hood@usdoj.gov

9

<u>Of Counsel</u>:

Jayme Kantor, Esq.
Assistant General Counsel
Federal Bureau of Investigation
935 Pennsylvania Avenue, NW
Suite 10140
Washington, DC 20535
Phone: 202/324-7194
Email: Jayme.Kantor@ic.fbi.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>November 20, 2013</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will make delivery to:

> Carl L. Evans, Esq.
> Attorney for Plaintiff
> McCathern, P.L.L.C.
> Regency Plaza
> 3710 Rawlins Street
> Suite 1600
> Dallas, TX  75219
> Phone: 214/741-2662
> Facsimile:  214/741-4717
> Email: cevans@mccathernlaw.com

> **s/ Jack Hood**
> Jack Hood
> Assistant United States Attorney