# IN THE UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF ALABAMA
# HUNTSVILLE DIVISION

| | | |
|---|---|---|
| **ACADIA INSURANCE CO.,** § | | |
| *Plaintiff,* § | | |
| **v.** § | | |
| § | **Cause No.: 5:13-cv-00895-CLS** | |
| **UNITED STATES OF** § | | |
| **AMERICA** § | | |
| *Defendant.* § | | |
| § | | |

### PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S EXPERT DAVID J. ICOVE AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Acadia Insurance Co., as Subrogee of Yedla Management Co., Inc. & Hospitality Enterprises of Huntsville, Inc. d/b/a Country Inn & Suites (hereinafter referred to as "Plaintiff" or "Acadia"), files this Motion to Exclude the Testimony of Defendant's Expert David J. Icove and Brief in Support, and in support thereof would respectfully show the Court the following:

**INTRODUCTION**

In this case, two qualified cause and origin experts have rendered sound opinions that the Country Inn & Suites fire originated on the balcony of room 2207, occupied by FBI agent Michael Siegling, and that it was caused by a carelessly discarded cigarette. One of those experts is a nonparty City of Huntsville Fire Department investigator. The other is a private fire investigator who is likewise well qualified. They share the same opinion based upon their respective, independent investigations into this fire. Their opinions are by definition peer reviewed. In response, Defendant designated Mr. David Icove as an expert. Mr. Icove does not offer an opinion as to the cause and origin of the fire beyond speculation. Rather, Mr. Icove's opinions are, by his own account, nothing more than a criticism of the good work Investigator Wilkerson and Mr. Williams performed. Expert testimony that focuses exclusively on the accuracy and reliability of another expert's conclusions is irrelevant. Under Rule 702 and *Daubert*, Mr. Icove's opinions and testimony should be excluded.

**I.   ARGUMENT & AUTHORITIES**

**A.   <u>Standard of Admissibility Pursuant to *Daubert* &  FED. R. EVID. 702.</u>**

The admissibility of expert testimony "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning and methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93

(1993). Under Fed. R. Civ. P. 702, the trial judge is to act as a gatekeeper to "ensure that any and all scientific testimony…is not only relevant, but reliable." *Id.* at 589. In conducting a *Daubert* analysis, the trial court conducts a three-part inquiry, weighing whether:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998) (footnote omitted) (citing *Daubert*, 509 U.S. at 589, 113 S.Ct. 2786).

Furthermore, "expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591. Federal Rule of Evidence 702(a) requires that the expert's opinion help the trier of fact to determine a fact in issue—the opinion must be relevant. *See Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009) (there must be a valid scientific connection to a specific issue, i.e. testimony must "fit" the issue). Expert testimony does not help the trier of fact if it fails to "fit" with the facts of the case. *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir.2004). An opinion must "assist the trier of fact in resolving a disputed issue of material fact" such as causation. *Id.* [Brown] at 1297. Thus, the court may exclude otherwise

reliable testimony if it does not have "sufficient bearing on the issue at hand to warrant a determination that it [is 'helpful' to the trier of fact]." *Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1121 (10th Cir.2004).

In addition to the Court's gate-keeping function applicable to expert testimony, all evidence is subject to Federal Rule of Evidence 403. *See Daubert*, 509 U.S. at 595 (stating that analysis under Rule 702 should also include a consideration of other evidence rules, such as Rule 403). Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Thereby, a court must balance the potentially prejudicial effects of the proffered evidence.

Finally, Rule 702 requires "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. Relevant testimony from a qualified expert is only admissible if the expert knows of facts which enable him to express a reasonably accurate conclusion as opposed to conjecture or speculation. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir.1988).

Using the above as guiding principles, Defendant's Motion to Exclude Plaintiff's Expert Testimony is rendered devoid of merit and should be denied.

**B.     David J. Icove's Opinions are Not Relevant.**

To be admissible in a case, expert testimony must necessarily be relevant to the case's issues and helpful to the fact-finder. Fed.R.Evid. 702(a); *Daubert*, 509 U.S. at 591. In this case, the only issue is the cause and origin of the fire. Defendant purports to offer its expert David Icove ("Icove") to provide opinions regarding the cause and origin of the fire. *See* Doc. #21 at p. 5-6, 8 ("[Icove's] role as an expert witness in this case is to provide a forensic engineering analysis of the fire sequence"). However, Icove provides no opinion within a reasonable degree of scientific probability as to the cause and origin of the fire. The vast majority of Icove's opinions are irrelevant to the issue of the fire's cause and origin, but instead relate exclusively to criticizing the reliability of the methodologies and opinions of Plaintiff's experts. *See* Doc. #21 at p. 73, 75-76. Such opinions are irrelevant as they do not relate to or in any way assist the trier of fact in determining the material fact issue of the fire's cause.

**1.     Icove's Opinions Regarding the Reliability of Wilkerson's and Williams' Methodologies and Opinions are Irrelevant.**

As Icove explicitly states in his report, the primary issue he addresses is the reliability of Wilkerson and Williams' investigative methodologies and opinions. Report p.38, 73, 75-76. Such testimony does not tend to prove or disprove any relevant facts which are at issue in this case, and it therefore is not helpful to the trier of fact. *Id*.

In its motions to strike Plaintiff's experts, Defendant relies upon *United States v. Zhou*, 06-CR-286 (JAP), 2008 WL 4067103 (D.N.J. Aug. 25, 2008), an unpublished opinion. Doc. #30 at p. 16. *Zhou*, although unpublished, is indeed instructive here. As expressed in *Zhou*, expert testimony which focuses exclusively on the accuracy and reliability of another expert's investigations and conclusions is irrelevant, as it does not assist the trier of fact to make a factual determination. The *Zhou* court wrote:

> Fleury's purported testimony does not apply a scientific methodology to support a certain causation of that fire. Rather, according to Fleury's report, Fleury's testimony would focus on the accuracy and motivations of the JCFDAU and ATF in conducting their investigations and reaching their conclusions. Although the credibility of the investigations by the JCFDAU and ATF may be in dispute at trial, Fleury's conclusions as to those investigations are not based on any reliable methodology. Accordingly, the Court concludes that Fleury's proffered testimony would not aid the fact-finder and, thereby, must be excluded.

2008 WL 4067103 at *6.

Just as in *Zhou*, where the court found the proffered expert's opinion attacking the opposing expert's conclusions must be excluded as irrelevant, Icove's criticisms of the City of Huntsville Fire Investigator Wilkerson and Mr. Williams should be excluded.

### 2. Icove's Opinions Regarding a Fire Investigator's Potential Liability for Spoliation of Evidence are Irrelevant.

Beginning on page fifty-four (54) of Icove's expert report, Icove provides a recitation of information regarding the potential civil liability a fire expert may face for spoliation and/or destruction of evidence at a fire scene. *See* Doc. #21 at p. 54-56. Whether or not any expert in this case would be subject to civil liability is completely irrelevant. It is of absolutely no consequence in this case. As this opinion is entirely irrelevant it should be excluded.

### 3. Icove's Opinions Regarding Rod Williams' Qualifications are Irrelevant.

In his expert report, Icove states that: (1) "the evaluation of this case does not concern these investigators' knowledge, skill, experience, training, and education"; and (2) "that was not material to the analysis" *See* Doc. #21 at p.73, 38. Despite this self-limitation, Icove nevertheless explicitly offers opinions regarding the strength of Plaintiff's expert William's curriculum vitae, experience and education, specifically criticizing Wilkerson's fire investigation education. *See* Doc. #21 at p. 34. As such an opinion is within a category which Icove specifically indicates he did not analyze, it is completely irrelevant and unreliable, and should be stricken.

7

## C.  Icove's Opinions Regarding Causation Are Speculative and Therefore Unreliable.

As Icove repeatedly indicates, his report's primary objective is to offer opinions regarding the reliability of the methodology utilized and the opinions offered by Plaintiff's expert Williams and Fire Marshall Wilkerson. *See* Doc. #21 at p.38, 73, 75-76. Although such analysis of reliability does nothing to support an evaluation or theory of the actual cause and origin of the fire, Icove nevertheless opines that both the non-party City of Huntsville Fire Investigator Wilkerson's, and Plaintiff's retained expert Williams' opinions regarding the fire's cause and origin are incorrect. However, not once in his seventy-six (76) page expert report does he proffer any opinion of the actual cause and origin of the fire to a reasonable degree of probability, or even state that he is reasonably certain in his belief that Plaintiff's causation theory is incorrect. On the contrary, he wildly speculates that perhaps a light fixture or some code violation, none of which were located within the documented area of origin, might have been a cause of the fire. Doc. #21 at 39, 44-45, 52, 63-64, 70-71.  Icove's speculative opinions as to potential alternative causes of the fire should be excluded.

## I. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that its Motion to Exclude the Testimony of Defendant's Expert David J. Icove be granted.

Respectfully submitted,

**MCCATHERN, P.L.L.C**

By: /s/ *Paul A. Grinke*
Carl L. Evans
Alabama State Bar No. 6823-A35C
Texas State Bar No. 24056989
cevans@mccathernlaw.com
Paul A. Grinke
Texas State Bar No. 24032255
pgrinke@mccathernlaw.com
Regency Plaza
3710 Rawlins Street, Suite 1600
Dallas, TX 75219
(214) 741-2662 Telephone
(214) 741-4717 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2014, a true and correct copy of the foregoing was served upon the following counsel via e-service:

| | |
|---|---|
| Jack Hood | Jayme Kantor, Esq. |
| Assistant United States Attorney | Assistant General Counsel |
| Attorney for Defendant United States | Federal Bureau of Investigation |
| US Attorney's Office | 935 Pennsylvania Avenue, NW |
| State Bar No. D41J | Suite 10140 |
| 1801 Fourth Avenue North | Washington, DC 20535 |
| Birmingham, AL 35203 | Phone: 202/324-7194 |
| 205-244-2103 | Email: Jayme.Kantor@ic.fbi.gov |
| 205-244-2181 – Fax | |
| Email: Jack.hood@usdoj.gov | |

**ATTORNEYS FOR DEFENDANT UNITED STATES OF AMERICA**

                                        /s/ *Paul A. Grinke*
                                        Paul A. Grinke