# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>HUNTSVILLE DIVISION</u>

| | |
|---|---|
| ACADIA INSURANCE CO., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 5:13-CV-00895-CLS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## <u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSITION TO THE *PRO HAC VICE* ADMISSION OF GUY E. BURNETTE, JR.</u>
## <u>(Doc. 52)</u>

NOW COMES Defendant United States of America, by and through Joyce White Vance, United States Attorney for the Northern District of Alabama, and Jack Hood, Assistant U.S. Attorney and responds to the Plaintiff's Opposition to the *Pro Hac Vice* Admission of Guy E. Burnette, Jr., (Doc. 52) as set forth below.

### I.     INTRODUCTION

The Plaintiff has moved to exclude the testimony of Defendant's primary expert witness in this case, David J. Icove, Ph.D., P.E., under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny, which remains a pending matter before this Court (Docs. 42, 45, 47,

1

and 48)[1]. In anticipation of hearings and testimony regarding Plaintiff's motion, Guy E. Burnette, Jr. filed a Motion for Admission *Pro Hac Vice*, requesting to appear for the specific purpose of representing Dr. Icove in those matters. Assistant United States Attorney Jack Hood also signed the motion, indicating his support for the anticipated assistance Mr. Burnette will provide Defendant in responding to Plaintiff's motion. (Doc. 50) It should be noted that Mr. Burnette is a highly experienced attorney specializing in this issue who is an internationally certified Instructor for the International Association of Arson Investigators (IAAI) and an Adjunct Faculty member at the Federal Law Enforcement Training Center/ATF National Academy where he has provided training on these matters for over twenty (20) years. Mr. Burnette is under retainer with Dr. Icove and several other recognized forensic experts to provide legal representation in connection with *Daubert* matters in court cases across the country. See Exhibit "A", Affidavit of David J. Icove.

Plaintiff's attorneys in this case object to the appearance of Mr. Burnette as a counsel *pro hac vice* in this case, arguing that Dr. Icove has no standing as a party to this lawsuit so as to allow him to have his retained counsel represent him in defending Plaintiff's motion. (Doc. 52).

---

[1] Reference to a document number, ["Doc. __"] refers to the number assigned to each document as it is designated o the Clerk's docket for this case.

## II.     ARGUMENT AND AUTHORITIES

### A.     Dr. Icove's Standing In This Case

The determination of *standing* is normally considered the legally protectable stake or interest that an individual has in a dispute, that entitles them to bring the controversy before the court to obtain judicial relief. Standing can be recognized as a party or as a non-party.

The Plaintiff's motion and sur-reply pleadings (Docs. 42 and 43) are designed to exclude Dr. Icove's testimony in this case and thereby undermine the ability of the Defendant to prove its defenses in this case. In the process, of course, Plaintiff seeks to have this court declare that Dr. Icove is unqualified to render the expert opinions he has offered in this case, or that he has not conducted a proper investigation, or that he has not properly applied the methodologies of his investigation to the facts—any of which would seriously damage the reputation and professional standing of Dr. Icove. His employment of Mr. Burnette on retainer and his request to admit him *pro hac vice* in this case is a prudent and appropriate approach to protect his stake as a preeminent expert witness and consultant, with the realization that even one exclusion under *Daubert* could have far-reaching implications for his career and his livelihood.

The Plaintiff's motion by necessity makes Dr. Icove a focal point of this lawsuit and impacts both his personal and professional interests as an expert

3

witness. As the Defendant's primary expert witness, he recognizes the importance of this matter and seeks approval from the Court for his personal attorney to be granted admission *pro hac vice* to represent him at the *Daubert* hearings and other challenges during the pre-trial and trial phases of this case. (Doc. 50).

**B.     Dr. Icove is an Active Participant in the District Court Proceedings**

The Defendant shows the court that Dr. Icove has not only produced a lengthy and comprehensive expert report (Doc. 45), but he is also an ***active participant*** in the District Court Proceedings.

Specifically, he has actively participated by assisting with drafting the Defendant's motions and sur-replies, conducting scientific and legal research, attending three (3) of the key depositions taken by the Plaintiff, drafting cross-examination questions, creating exhibits and demonstrative evidence, and providing trial and case strategies. See attached Exhibit "A", Affidavit of David J. Icove. This participation by Dr. Icove demonstrates that although he may not be a named party, he has clearly "actively participated" in these court proceedings.

**C.     The Equities Of The Case Weigh In Favor Of Hearing The Motion**

The motions pending before the Court will significantly impact not only this case, but could potentially affect future cases involving testimony by expert witnesses and their active participation in court proceedings. Gone are the days of experts who only provided narrowly-focused testimonial services, replaced by the

new breed of experts who bring skills and knowledge reaching far beyond the confines of the event at issue or even the opinions of those experts on that event.

The Ninth Circuit Court of Appeals in *Newkirk v. Conagra Foods Inc.*, 438 Fed.Appx. 607 (9th Cir. 2011) stated that to allow non-party appellate standing of an expert witness requires that "(1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal." *Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004) (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002)).

The Ninth Circuit dismissed the expert's appeal for lack of standing. *Egilman v. Conagra Foods, Inc.*, 2012 WL 3836100 (9th Cir. 2012). In *Newkirk*, the expert witness argued that he was a party and had standing to appeal his *Daubert* exclusion, but he failed to meet these two requirements which resulted in summary judgment for the defense. The *Newkirk case* was appealed to the Supreme Court of the United States, who denied the expert's certiorari petition in *sub. nom. Egilman v. ConAgra Foods, Inc.*, docket No. 12-697.

### III.  CONCLUSION

Clearly, Dr. Icove has materially participated in this action. The equities doubtless weigh in favor of granting the motion for admission *pro hac vice* of his designated counsel to protect his interests. Under *Hilao* and the subsequent review of *Egilman* by the Supreme Court, an expert's active participation in the Court

roceedings combined with the equities of a case meet the test of allowing non-party standing. Dr. Icove has clearly met this test and should be considered having standing in this lawsuit.

This motion is necessary only as a result of the Plaintiff moving to exclude the testimony of Dr. Icove, Defendant's primary expert witness, under a *Daubert* challenge. The actions of Plaintiff resulted in Dr. Icove having to employ an attorney to represent him in responding to Plaintiff's motion and in any subsequent hearings and/or at trial where the *Daubert* issue may be asserted. Plaintiff should not be heard now to object to what Plaintiff has itself made necessary, and it would be manifestly unjust and inequitable to allow Plaintiff to do so. Plaintiff has not articulated, and cannot articulate, any reason why granting the motion for admission *pro hac vice* would in any way prejudice Plaintiff, delay these proceedings, waste judicial resources or in any way justify the denial of the motion and outweigh the prejudice to both Dr. Icove and to the Defendant, United States of America.

FOR THESE REASONS, Defendant respectfully requests that this Court overrule the Plaintiff's Objection and grant the Motion for Admission *Pro Hac Vice* of Guy E. Burnette, Jr., to represent Dr. David J. Icove in this matter.

>Respectfully submitted,
>
>JOYCE WHITE VANCE
>UNITED STATES ATTORNEY
>
>
>**s/ Jack Hood**
>Jack Hood
>Assistant United States Attorney
>U.S. Attorney's Office
>State Bar No. D41J
>1801 Fourth Avenue North
>Birmingham, Alabama 35203
>(205) 244-2103
>(205) 244-2181 (fax)
>jack.hood@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>July 30, 2014</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

>Carl L. Evans, Esq.
>Paul A. Grinke, Esq.
>Attorneys for Plaintiff
>McCathern, P.L.L.C.
>Regency Plaza
>3710 Rawlins Street
>Suite 1600
>Dallas, TX  75219
>Phone: 214/741-2662
>Facsimile:  214/741-4717
>Email: cevans@mccathernlaw.com
>         pgrinke@mccathernlaw.com

**s/ Jack Hood**
Jack Hood
Assistant United States Attorney