

FILED
2014 Oct-02  AM 10:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ACADIA INSURANCE CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-13-S-895-NE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the court upon the motion of Guy E. Burnette, Jr., a member of the Florida Bar who seeks permission to appear *pro hac vice*, for the purpose of representing David J. Icove, Ph.D., P.E., a non-party whom the defendant, United States, proposes to call as an expert witness.[1]  Plaintiff, Acadia Insurance Co., opposes the motion because Dr. Icove is not a party to this action.[2]  In response, the United States contends that Dr. Icove has standing to be represented by independent counsel because plaintiff has filed a motion to exclude his testimony and, if this court grants that motion, it could affect Dr. Icove's reputation and professional standing.[3]

---

[1] *See* doc. no. 49 (Motion for *Pro Hac Vice* Admission); doc. no. 50 (Amended Motion for *Pro Hac Vice* Admission).  Defendant filed two identical motions for *pro hac vice* admission on the same day.  However, the second motion included "Exhibit A," a certificate of good standing from the Florida bar.  The court will construe the second motion as an amended motion for *pro hac vice* admission.  Accordingly, the first motion is DENIED as moot.

[2] *See* doc. no. 52 (Response in Opposition to Motion for *Pro Hac Vice* Admission).

[3] *See* doc. no. 42 (Motion to Exclude); and doc. no. 61 (Response to Plaintiff's Opposition to Motion for *Pro Hac Vice* Admission), at 3.

The United States cites cases dealing with non-party appellate standing in support of Burnette's motion.[4]  *See Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004) ("We have consistently held that '[a] nonparty has standing to appeal a district court's decision only in exceptional circumstances.  We have allowed such an appeal only when (1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal.'") (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002)) (alteration in original).  *See also Newkirk v. Conagra Foods, Inc.*, 493 Fed. Appx. 862, 863 (9th Cir. 2012) (concluding that an expert witness did not have standing to appeal a district court's order excluding the witness's testimony).

Those cases are not on point, however, because appellate standing is different from standing at the trial court level.[5]  *See Branch Banking & Trust Co. v. Ramsey*, 559 Fed. Appx. 919, 922 (11th Cir. March 19, 2014) ("One difference between standing to appeal and standing to bring suit is that, at the appellate level, the focus shifts to injury caused by the judgment rather than injury caused by the defendant.")

---

[4] Doc. no. 61 (Response to Plaintiff's Opposition to Motion for *Pro Hac Vice* Admission), at 5.

[5] Further, the Eleventh Circuit has clearly stated that only parties to a lawsuit, or those that properly become parties, have appellate standing.  *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1309 (11th Cir. 2004) (citing *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)). Even if this court were to apply the Ninth Circuit's nonparty appellate standing test to this case, it would find that Dr. Icove does not have standing because his involvement in the district court consists of filing reports in his capacity as an expert, which is not sufficient  to have "participated in the district court proceedings."  *See Newkirk*, 493 Fed. Appx. at 863.

(citing 15A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3902 (2d ed. 1992)).

The only case this court could find dealing with an expert witness's standing at the trial court level is *Morgan Keegan & Co., Inc. v. Garrett*, Civil Action No. 4:10-cv-4308 (S.D. Tex. Mar. 19, 2012).  In that action, the Hon. Lynn N. Hughes found that there was no justiciable controversy (*i.e.,* no standing):

> Even if the court had jurisdiction, [the expert witness] has no basis to intervene because he was only a witness, and he has no legally protectable interest in these proceedings.  He insists that the court's findings hurt his reputation, giving him grounds to intervene as a party.
>
> [The witness] has not been fined, branded, jailed, whipped, or transported to Georgia.  In the course of a case, the court is obliged to decide things, and these decisions may reflect poorly on the parties, witnesses, and other people who were part of the factual basis for the suit. Crisp rulings that displease the object of them are a necessary friction of litigation.
>
> [The witness's] unhappiness about the court's findings does not create a justiciable controversy.  He offers two cases in support. In one, the court formally sanctioned an attorney for misconduct.  Attorneys are different from witnesses; they are advocates who spend their lives in court as agents of a party.  The second one involved a technical witness who misrepresented her credential in an unrelated state court case.  The court reprimanded her for the statements in the unrelated proceeding, ordered her to send the reprimand to the judge and attorneys in the other case, and threatened a fine of $5,000 if she did not comply.  Those are formal court sanctions of people.

Doc. no. 82 in *Morgan Keegan & Co., Inc. v. Garrett*, Civil Action No. 4:10-cv-4308, at 2-3 (S.D. Tex. Mar. 19, 2012) (alterations supplied).  This court agrees.

Dr. Icove's interest in his reputation, based upon his participation as an expert witness in this case, does not give him standing to oppose plaintiff's motion to exclude his testimony.

Even if this court should be mistaken about the issue of standing, it still will not allow Dr. Icove to intervene.  Federal Rule of Civil Procedure 24 provides that:

(a) **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

    (1) is given an unconditional right to intervene by federal statute; or

    (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) **Permissive Intervention.**

    (1) ***In General.*** On timely motion, the court may permit anyone to intervene who:

        (A) is given a conditional right to intervene by a federal statute; or

        (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(a), (b)(1).  Dr. Icove does not have a right to invervene under Rule 24(a), because the United States adequately represents his interests in this action,

having filed a response in opposition to plaintiff's motion to strike,[6] and a sur-reply.[7]

*See, e.g., United States v. City of Miami*, 278 F.3d 1174, 1178-79 (11th Cir. 2002)

(finding that the United States of America's interest in the litigation was identical to

a police officer's association); *Athens Lumber Co. v. FEC*, 690 F.2d 1364, 1367 (11th

Cir. 1982) (denying intervention because a union and the defendant "both have

precisely the same objective").

Further, this court will not permit Dr. Icove to intervene under Rule 24(b),

because it will needlessly complicate this case.

For these reasons, Burnette's motion for *pro hac vice* admission is DENIED.

DONE and ORDERED this 2nd day of October, 2014.

_____
United States District Judge

---

[6] Doc. no. 45 (Response in Opposition to Plaintiff's Motion to Exclude)

[7] Doc. no. 48 (Sur-Reply in Opposition to Plaintiff's Motion to Exclude).