UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

PRETRIAL DOCKET

<u>October 15, 2015</u>

HUNTSVILLE, ALABAMA

**Judge C. Lynwood Smith, Jr., Presiding**

---

The cases shown on the attached docket are set for pretrial hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure. A conference-type hearing will be held in chambers in the Federal Courthouse <u>in the city specified and at the time indicated.</u>

The conference will be addressed to consideration of the matters provided in Rule 16, including the limitation of issues requiring trial, rulings on pending motions, and settlement possibilities.

Counsel attending the conference are **expected to be well informed** about the factual and legal issues of the case and to have authority to enter appropriate stipulations and participate in settlement discussions. <u>Counsel appearing at the conference may be required to proceed at trial notwithstanding the naming of others as designated trial counsel.</u>

Promptly upon receipt of these instructions, counsel is to initiate discussions with other counsel aimed at ascertaining which basic facts are not really in dispute, and at clarifying the parties' contentions (for example, just what is denied under a "general denial").

<u>On or before **October 1, 2015**, counsel for plaintiff shall submit to the judge's office in **HUNTSVILLE, ALABAMA** (not to the court clerk): a PROPOSED PRETRIAL ORDER (simultaneously furnishing opposing counsel with a copy) in WordPerfect format</u> (if counsel's word processor is not WordPerfect, it may be capable of saving in WordPerfect format). The Proposed Pretrial Order can be e-mailed to the chambers at <u>smith_chambers@alnd.uscourts.gov</u>. It is anticipated that in most cases the proposed order, with only minor insertions and changes, could be signed by the court at the close of the hearing.

A sample of a proposed Pretrial Order is attached at the end of this docket to illustrate the substance of an order in a typical case. Each order must, of course, be tailored to fit the circumstances of the individual case. THIS SAMPLE HAS BEEN PREPARED IN THE FORMAT (i.e., spacing, underlining, justification, bolding, etc.) which should be submitted to the court. <u>Please use only this format</u>. Pretrial orders in non-jury cases should follow the provision in the sample order for establishing a procedure and schedule for preparation of a detailed statement of agreed facts.

**Failure to be well informed and prepared for pretrial and failure otherwise to comply with these instructions may require the court to communicate directly with the parties to explain actions which may be necessitated by such failure, particularly unwarranted continuances or increased costs of litigation.**

```
(SAMPLE)         UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ALABAMA
                 _____ DIVISION
```

| | | |
|---|---|---|
| **THOMAS S. SMITH,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CV11-S-234-_** |
| | ) | |
| **COLLINS CONSTRUCTION CO.,** | ) | |
| **JAMES K. ADAMS,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

_____

| | | |
|---|---|---|
| **ELIZABETH D. SMITH,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CV11-S-235-_** |
| | ) | |
| **COLLINS CONSTRUCTION CO.,** | ) | |
| **JAMES K. ADAMS,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

_____

**PRETRIAL ORDER**

A pretrial conference was held in the above cases on April 19, 2013, wherein, or as a result of which, the following proceedings were held and action taken:

**1. Appearances**.  Appearing at the conference were:

**[Leave space for completion by the court]**

**2. Jurisdiction and venue**.  Subject matter jurisdiction exists under 28 U.S.C. § 1332 by reason of the amounts in controversy and the admitted diversity of citizenship.  Personal jurisdiction and venue are not contested.

**3. Consolidation**. These actions (CV11-S-234-_ and CV11-S-235-) involve common questions of law and fact and are hereby ORDERED CONSOLIDATED under Rule 42 for further proceedings and trial.

**4. Parties and trial counsel**. The parties before the court are correctly named, and the designated trial counsel for the parties are, as set out below:

| PARTIES | TRIAL COUNSEL |
|---|---|
| **Plaintiffs:** | |
| Thomas S. Smith | Robert Stephens (Brown, Brownlee & Stephens); Gene Baird (Baird & Jones) |
| Elizabeth D. Smith | Same counsel |
| **Defendants**: | |
| Collins Construction Co. | James Johnson and Robert Donovan (Phelps & Smith) |
| James K. Adams | Same counsel |

**5. Pleadings**. The following pleadings (with the modifications contained in this order) have been allowed: complaint, as amended May 5, 2011, on behalf of each plaintiff; answer on behalf of defendants to each complaint. The answers filed to the original complaints suffice as answers to the amended complaints without refiling.

**6. Statement of the case.**

    **(a) Agreed summary**. This case arises out of a collision between two vehicles which occurred August 5, 2009, at the intersection of 21st Street and 5th Avenue South in the city limits of Birmingham, Alabama. An automobile owned and

2

then being operated by plaintiff Thomas S. Smith (and in which his wife, plaintiff Elizabeth D. Smith, was a passenger) was proceeding northward on 21st Street (a one-way street for northbound traffic). A truck owned by defendant Collins Construction Co. and then being operated by the other defendant, James K. Adams, was proceeding eastward on 5th Avenue South (two-way traffic). A standard traffic control device (green/yellow/red lights) governed traffic entering the intersection and was functioning on this occasion. Both drivers claim to have had the green light. The corporate defendant admits that Adams was its employee and was acting within the line and scope of such employment at the time.

**(b) Plaintiffs' positions**. Plaintiff Thomas S. Smith seeks $75,000 in compensatory damages for: his own personal injuries, medical expenses and lost wages; property damage to his automobile; and for his wife's medical expenses, past and future, and the loss of her services and consortium, past and future. Plaintiff Elizabeth D. Smith seeks $125,000 in compensatory damages for her personal injuries and disfigurement. Plaintiffs claim that these damages were proximately caused by the negligence of the defendants asserting that Adams was negligent in: (1) violating Ala. Code § 32-5A-31 (running yellow or red light) and/or (2) failing to exercise ordinary care under the circumstances. Plaintiffs withdraw any contention of wanton misconduct on the part of the defendants. Plaintiff Thomas S. Smith denies any contributory negligence on his part.

**(c) Defendants' positions**. Defendants deny any negligence on the part of Adams and contest the amount of damages claimed by plaintiffs. As to the claims made by Thomas S. Smith, defendants assert that Smith was himself contributorily negligent by (1) violating Ala. Code § 32-5A-31 and/or (2) failing to exercise

3

ordinary care under the circumstances. Defendants withdraw any contention of contributory negligence on the part of plaintiff Elizabeth D. Smith.

**7. Discovery and other pretrial procedures.**

(a) The _____, 2012 order entered pursuant to FRCP Rule 16(b) closed discovery as of _____.

(b) The Standard Pretrial Procedures specified on Exhibit A hereto are adopted as part of this order.

(c) Pending motions:

[Here list motions, if any, with space for court's ruling]

\*   **8. Jury Trial**. Five working days prior to the scheduled trial, the parties shall present to the court any special questions or topics for voir dire examination of the jury venire, and, to the extent the same can be anticipated, any requests for instructions to the jury (including extracts of any statutes on which instructions are requested). Any motions in limine shall be filed on or before _____.

[Leave about 6 lines for possible additions by the court]

**9. Trial Date**. This case is set for trial in _____, Alabama, on the _____ day of _____, 2013, at _____ a.m. **[Counsels' estimated length of trial: \_\_\_\_ days.]**

ORDERED this _____ day of _____, 2013, that the above

4

provisions be binding on all parties unless modified by further order for good cause shown.

_____
United States District Judge

_____

*For non-jury case, the following should be substituted for paragraph 8:

**8. Statement of agreed and disputed facts.**

(a) By _____, 2013, plaintiff's counsel shall submit to defendant's counsel a statement setting forth the principal facts proposed to be proved by plaintiff in support of plaintiff's claim as to liability and damages.

(b) By _____, 2013, defendant's counsel shall return the statement to plaintiff's counsel, indicating thereon those factual contentions of the plaintiff with which they disagree and adding thereto those additional facts proposed to be proved by the defendant.

(c) By _____, 2013, plaintiff's counsel shall indicate thereon those factual contentions of the defendant with which plaintiff disagrees and shall file the modified statement, serving a copy thereof on opposing counsel. While it is not necessary plaintiff's counsel to retype the final product, it may be helpful in many cases for this to be done before filing. If retyped, it is preferable to have all agreed facts, regardless of by whom proposed, collected under one heading and to have the

5

respective additional facts proposed by the parties, which facts are in dispute, collected under separate headings.

(d) In stating facts proposed to be proved, counsel shall do so in simple, declarative, consecutively numbered sentences, avoiding "color words," labels, and legal conclusions. In indicating disagreement with a proposed fact, counsel shall do so by deletion or interlineation of particular words and phrases so that the nature of the disagreement will be clear. Objections to the admissibility of a proposed fact (whether as irrelevant or on other grounds) may be made at trial and, without court order, may not be used to avoid indicating agreement or disagreement with the truth of the proposed fact.

## EXHIBIT A

## STANDARD PRETRIAL PROCEDURES

**1. Damages.**  The parties shall by _____ serve and file a list itemizing all damages and equitable relief being claimed or sought, showing the amount (and, where applicable, the method and basis of computation) of such items.

**2. Witnesses--Exchange of Lists.**

(a) **Expert witnesses.**--To the extent the parties have not previously complied with F.R.Civ.P. 26(a)(2), the parties shall by _____ serve and file a list stating the names and addresses of all expert witnesses who have been identified in accordance with the report of the parties' planning meeting under F.R.Civ.P. 26(f) and in accordance with earlier orders and whose testimony they may offer at trial.  The list shall include, to the extent not previously provided, the information specified in F.R.Civ.P 26(a)(2)(B) with respect to any such person other than a medical expert.

(b) **Other witnesses.**--To the extent the parties have not previously complied with F.R.Civ.P. 26(a)(3), the parties shall by _____ serve and file a list stating the names and addresses of all witnesses (other than expert witnesses) whose testimony they may offer at trial.

(c) **Contents of lists.**--The parties shall appropriately indicate on such lists (1) which are their "primary" witnesses (those whose testimony they expect to offer, absent a favorable ruling on summary judgment, directed verdict, or involuntary dismissal), (2) which are their "optional" witnesses (those whose testimony will probably not be needed, but who have been listed to preserve their right to offer such testimony should the need arise in the light of developments at trial), and (3) which of their primary and optional witnesses they expect to present by means of depositions.

Unless specifically agreed by the parties or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not so listed.  The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify, but does preclude the party from objecting to the presentation of such witness's testimony by another party.  As to any witnesses shown on such list to be presented by deposition, a party may serve and file a list disclosing any objections to the use under Rule 32(a) of a deposition designated by another party pursuant to the foregoing or under F.R.Civ.P. 26(a)(3)(B).  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

**3. Exhibits.**

(a) **Exchange of lists**.-- To the extent the parties have not previously complied with F.R.Civ.P. 26(a)(3)©, the parties shall by _____,

serve and file a list providing an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.  As to any document or other exhibit, including summaries of other evidence shown on such list, a party may serve and file a list disclosing any objection on or before _____, together with the grounds therefor, that may be made to the admissibility of materials identified on such list.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.  Unless specifically agreed by the parties or allowed by the court for good cause shown, the parties shall be precluded from offering as substantive evidence any exhibit not so identified.  Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make such exhibits available for inspection and copying.

(b)  **Marking.**--Each party which anticipates offering as substantive evidence as many as <u>six</u> exhibits shall premark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of Court.  By the time the case is scheduled for trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection.