# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ACADIA INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-13-S-895-NE |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case is before the court on defendant's motion *in limine* to exclude and/or limit the testimony of plaintiff's fire origin and cause experts, Daniel Wilkerson and Roderick Williams.[1] This court already denied motions to exclude the testimony of those same expert witnesses by order dated March 10, 2015, stating:

> Because this case will be tried non-jury before this court alone, the gatekeeping purpose of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), is not implicated. *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."). For that reason, the United States's motions to exclude, and plaintiff's motion to strike, are DENIED. The court will determine the admissibility of the challenged expert testimony, and the weight to be accorded each witness's opinions, if any, after hearing the testimony of each witness at trial.[2]

---

[1] Doc. no. 75.

[2] Doc. no. 71 (Order), at 2. Defendant asserts that the issue should be considered again because plaintiff stated new topics on which Wilkerson and Williams will provide testimony in the pretrial order that was entered on October 15, 2015. Doc. no. 75 (Motion *In Limine*), at 2. *See also* doc. no. 74 (Pretrial Order), at 5. Plaintiff contests that assertion, but that dispute does not need to

For the same reasons, the defendant's motion *in limine* is DENIED. Perhaps defendant's arguments — when considered in the context of evidence presented at trial and cross-examination of plaintiff's experts — will lead this court to either reject their testimony, or give their opinions little or no weight, but such decisions are best made then, and not *in limine*, prior to a non-jury trial.

DONE and ORDERED this 11th day of December, 2015.

_____
United States District Judge

---

be resolved because, in any event, the motion *in limine* is due to be denied.